ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 5, 2014

The Honorable Susan Combs
Texas Comptroller of Public Accounts
Post Office Box 13528
Austin, Texas 78711-3528

Opinion No. GA-1055

Re: The scope of subsection 51.607(a) of the
Government Code concerning the Comptroller of
Public Accounts' identification of new or changed
court costs and fees (RQ-1162-GA)

Dear Comptroller Combs:

You ask about the scope of the Comptroller's duties under subsection 51.607(a) of the
Government Code.[1] Subsection 51.607(a) provides:

> Following each regular session of the legislature, the comptroller shall
> identify each law enacted by that legislature, other than a law disapproved by the
> governor, that imposes or changes the amount of a court cost or fee collected by
> the clerk of a district, county, statutory county, municipal, or justice court from a
> party to a civil case or a defendant in a criminal case, including a filing or
> docketing fee, jury fee, cost on conviction, or fee or charge for services or to
> cover the expenses of a public official or agency. This subsection does not apply
> to attorney's fees, civil or criminal fines or penalties, or amounts charged, paid, or
> collected on behalf of another party to a proceeding other than the state in a
> criminal case, including restitution or damages.

TEX. GOV'T CODE ANN. § 51.607(a) (West Supp. 2013). Under subsection 51.607(b), no later
than August 1 after the end of each regular legislative session, the Comptroller is required to
publish in the Texas Register a list of each court cost or fee identified pursuant to subsection
51.607(a). *Id.* § 51.607(b). Under subsection 51.607(c), "[n]otwithstanding the effective date of
the law imposing or changing the amount of a court cost or fee included on the list, the
imposition or change in the amount of the court cost or fee does not take effect until the next
January 1 after the law takes effect." *Id.* § 51.607(c).

---

[1]*See* Letter from the Office of the Tex. Comptroller of Pub. Accounts to Honorable Greg Abbott, Tex. Att'y
Gen. at 3 (Nov. 5, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

You state that the Eighty-third Legislature enacted House Bill 1513 ("H.B. 1513"), which among other amendments temporarily increased from $5 to $10 the "Records Management and Preservation Fee" (the "RMP fee") authorized by subsection 118.011(b)(2) of the Local Government Code. Request Letter at 2; Act of May 23, 2013, 83rd Leg., R.S., ch. 927, § 1.04, 2013 Tex. Gen. Laws 2302, 2305. You explain that the Comptroller, pursuant to her duty under subsection 51.607(b), "included [H.B. 1513], and in particular the increase in the [RMP fee], in the list it published in the Texas Register." Request Letter at 2. You state that, in response to the Comptroller's including the amendment to section 118.011 on the list, a question has arisen as to whether subsection 51.607(a) applies only to court costs and fees that are collected by the clerk of one of the listed courts, and not to other, non-court-related costs or fees. *Id.* You assert that the Comptroller "has historically interpreted Section 51.607(a) to apply to two different categories of costs and fees:"

> (1) "court cost[s] or fee[s] collected by the clerk of a district, county, statutory county, municipal, or justice court from a party to a civil case or a defendant in a criminal case, including a filing or docketing fee, jury fee, cost on conviction . . ."; and

> (2) "fee[s] or charge[s] for services or to cover the expenses of a public official or agency."

*Id.* at 1–2 (quoting subsection 51.607(a)). You ask us to clarify the scope of subsection 51.607(a) because, as you explain, a court cost or fee excluded from or included in the Texas Register incorrectly "may cause a court cost or fee to be collected prematurely or . . . after its intended collection date." *Id.* at 3.

The primary goal in statutory construction is to determine and give effect to legislative intent as expressed by the plain language of the statute, which is presumed to have been deliberately and purposefully selected by the Legislature. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012). To that end, words and phrases are "read in context and construed according to the rules of grammar and common usage." Tex. Gov't Code Ann. § 311.011 (West 2013). An agency's interpretation of a statute it is charged with enforcing or applying is entitled to "serious consideration," so long as the construction is reasonable and does not conflict with the statute's plain language. *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future and Clean Water*, 336 S.W.3d 619, 624 (Tex. 2011).

The first sentence of subsection 51.607(a) directs the Comptroller to identify laws "that impose[] or change[] the amount of a court cost or fee . . . ." Tex. Gov't Code Ann. § 51.607(a) (West Supp. 2013). Modifying "a court cost or fee" is the phrase "collected by the clerk of a district, county, statutory county, municipal, or justice court from a party to a civil case or a defendant in a criminal case . . . ." *Id.* The next word in the sentence, "including," is defined by the Code Construction Act as a term of "enlargement and not of limitation," and it is used here to indicate that the list that follows it modifies or is illustrative of what came before it. *Id.* § 311.005(13) (West 2013); *see Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 25–26 (Tex. App.—Tyler 2000, pet. denied) (applying the definition of "including" under the Code

Construction Act).  Thus, "a filing or docketing fee, jury fee, cost on conviction, or fee or charge for services or to cover the expenses of a public official or agency" represents an illustrative list of the types of court costs or fees to which subsection 51.607(a) applies.  TEX. GOV'T CODE ANN. § 51.607(a) (West Supp. 2013).

You indicate that the Comptroller has interpreted the phrase "fee or charge for services or to cover the expenses of a public official or agency" to describe a separate category of fees that must be included on the list in the Texas Register.  Request Letter at 2.  However, that phrase is preceded by the disjunctive "or," indicating that it is the last of four examples meant to illustrate "a court cost or fee collected by the clerk of [the specified courts] from a party to a civil case or a defendant in a criminal case."  TEX. GOV'T CODE ANN. § 51.607(a) (West Supp. 2013).  The phrase is not a separate category unto itself.  In sum, the plain language of subsection 51.607(a) does not describe two categories of costs and fees, but just one: a "court cost or fee" as modified and illustrated by the phrases that follow it.

Moreover, section 51.607 as a whole describes costs or fees that are judicial in nature.  In subsection 51.607(a), the phrase "court cost or fee" means a *court* cost or a *court* fee, and it includes only those costs and fees collected in one of five different courts in relation to a civil or criminal case.  The illustrative list of court costs and fees is comprised of court-related costs and fees.  This language excludes costs or fees associated with non-court-related filings.  Likewise, the second sentence of subsection 51.607(a) describes the costs and fees that are not subject to the statute, and they are all judicial in nature.  *See id.* § 51.607(a).  Further, subsection 51.607(b) requires simply that the Comptroller prepare a list "of each *court* cost or fee covered by Subsection (a)," and the phrase "*court* cost or fee" is referenced five times throughout section 51.607.  *Id.* § 51.607(a)–(c) (emphasis added).  Therefore, both the plain language and a contextual reading of subsection 51.607(a) lead to the conclusion that it applies only to court-related costs or fees.

Section 118.011 of the Local Government Code is found in subchapter B of chapter 118, titled "Fees of County Clerk Other Than Court Fees," and sets out a county clerk's fee schedule for several non-court-related fees.  TEX. LOC. GOV'T CODE ANN. § 118.011(a) (West Supp. 2013) (listing, for example, fees for filing real property records, a birth or death certificate, and a marriage license).  It permits a clerk to set and collect the RMP fee "for the records management and preservation services performed by the county clerk after the filing and recording of a document in the records of the office of the clerk."  *Id.* §§ 118.011(b)(2), .0216(a).  Because the RMP fee authorized under section 118.011 relates to non-court-related filings, it does not fall within the scope of the Comptroller's duties under subsection 51.607(a).

This office, like a court, affords "serious consideration" to the Comptroller's reading of subsection 51.607(a) because the Comptroller is the official charged with implementing that statute.  *R.R. Comm'n of Tex.*, 336 S.W.3d at 624; TEX. GOV'T CODE ANN. § 51.607(a)–(b) (West Supp. 2013).  Nevertheless, when the implementing official's interpretation of a statute conflicts with the statute's plain language, as is the case here, we cannot defer to the implementing official's view and must advise that the statute's plain language should be enforced.

## S U M M A R Y

The plain language of Government Code subsection 51.607(a) applies only to court-related costs and fees. The Records Management and Preservation Fee authorized under Local Government Code subsection 118.011(b) relates to the filing of non-court-related documents. It therefore does not fall within the scope of the Comptroller's duties under subsection 51.607(a).

Very truly yours,

GREG ABBOTT
Attorney General of Texas


DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee